UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BARBARA PARKER,  )
    Plaintiff,  )
  )
vs.  )
  )  CIVIL ACTION NO.
HOST MARRIOTT CORPORATION,  )
D/B/A SPRINGHILL SUITES AND  )  05 11855 WGY
MARRIOTT INTERNATIONAL, INC.  )
D/B/A SPRINGHILL SUITES,  )
    Defendants.  )
  )

**MARRIOTT INTERNATIONAL, INC.'S
ANSWER AND JURY DEMAND**

Marriott International, Inc. ("Marriott") responds to the plaintiff's complaint as follows:

## INTRODUCTION

The "Introduction" to the plaintiff's complaint is a conclusory statement to which no response is required of Marriott. To the extent a response is required, Marriott denies that it was in any way negligent or that it caused or contributed to any injury to Barbara Parker.

## JURISDICTION

The "Jurisdiction" statement is a conclusion of law to which no response is required of Marriott.

## PARTIES

1. Marriott lacks sufficient knowledge and information to admit or deny the allegation in paragraph 1.

2. Denied.

3. Admitted.

## FACTS

4. Marriott admits that it controlled the premises of the SpringHill Suites at 43 Newbury Street, Peabody, Massachusetts on or about October 4, 2002.

5. Admitted.

## COUNT I

### NEGLIGENCE AGAINST HOST MARRIOTT CORPORATION

6. Marriott repeats and reavers its responses to paragraphs 1 through 5 as if set forth fully herein.

7-8. Paragraphs 7 and 8 are not directed at Marriott, therefore no response is required of Marriott. To the extent that a response is required, Marriott denies the allegations in paragraph 7 and 8.

## COUNT II

### NEGLIGENCE AGAINST MARRIOTT INTERNATIONAL, INC.

9. Marriott repeats and reavers its responses to paragraphs 1 through 8 as if set forth fully herein.

10-11. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims against Marriott upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred because the defendant has been misnamed.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were caused by acts or omissions of third persons over whom Marriott exercised no control and for whose conduct it bears no responsibility.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part on any theory of negligence because her own conduct caused or contributed to cause the alleged injuries and damages.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were caused by the intervening and superseding actions of third persons.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because her conduct alone or in conjunction with the conduct of third parties was the sole proximate cause of her alleged injuries and damages.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff failed to take reasonable and appropriate action to mitigate the injuries and damages she allegedly sustained as a result of the alleged accident.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because she failed to give Marriott notice of her claim and Marriott was prejudiced by the lack of notice.

### .JURY DEMAND

Marriott demands a trial by jury on all issues.

MARRIOTT INTERNATIONAL, INC..
By Its Attorneys,

CAMPBELL CAMPBELL EDWARDS &
CONROY, PROFESSIONAL
CORPORATION,

James M. Campbell, BBO # 541882
Christopher A. Callanan, BBO # 630649
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

10.7.05

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorneys of record on October 7, 2005: by first-class mail, postage prepaid ~~via regular mail~~:

Steven R. Whitman
Law Offices of Steven R. Whitman
197 Portland Street
Boston, MA 02114

_____
Christopher A. Callanan